# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) GLOBAL CLIENT SOLUTIONS, L.L.C.,** an Oklahoma limited liability company, and **(2) GLOBAL HOLDINGS, L.L.C.,** an Oklahoma limited liability company, | )<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) Case No. 13-CV-35-GKF-FHM<br>) |
| **(3) EXECUTIVE RISK INDEMNITY, INC.,** a foreign insurance company, **(4) FEDERAL INSURANCE COMPANY,** a foreign insurance company, and **(5) THE CHUBB CORPORATION, d/b/a CHUBB GROUP OF INSURANCE COMPANIES,** a foreign insurance company, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## PLAINTIFF GLOBAL CLIENT SOLUTIONS, LLC'S
## MOTION TO COMPEL DEFENDANTS' RESPONSES TO DISCOVERY
## AND BRIEF IN SUPPORT[1]

The Plaintiff, Global Client Solutions, LLC ("GCS"), by and through its attorneys of record, James N. Edmonds and Mark W. Maguire, of the law firm Atkinson, Haskins, Nellis, Brittingham, Gladd & Fiasco, of Tulsa, Oklahoma, and pursuant to Fed. R. Civ. P. 37(a) hereby requests an order of this Court compelling the Defendants, Executive Risk Indemnity, Inc. ("Executive") and Federal Insurance Company, ("Federal"), to provide the information requested in Plaintiff GCS's First Interrogatories and to produce the documents responsive to Plaintiff's First Requests for Production. GCS further requests an order of this Court finding that Defendants have waived any objections to the above-referenced discovery. GCS also requests an order of this Court awarding it its reasonable

---

[1] Pursuant to LCvR 37.1, counsel for GCS conferred with counsel for Defendants by telephone in an attempt to resolve this matter without involving the Court.

costs and attorneys' fees incurred in preparing this Motion pursuant to Fed. R. Civ. P. 37(a)(5)(A).

In support of this Motion, GCS would show the Court as follows:

1.　On March 19, 2013, GCS served Defendant, Executive Risk Indemnity, Inc.,with Interrogatories and Requests for Production of Documents. (Plaintiff's First Requests for Production of Documents to Defendant Executive Risk Indemnity, Inc, attached as Exhibit "1"); (Plaintiff's First Set of Interrogatories to Defendant Executive Risk Indemnity, Inc, attached as Exhibit "2").

2.　Also on March 19, 2013, GCS served Defendant Federal Insurance Company with Interrogatories and Requests for Production of Documents. (Plaintiff's First Requests for Production of Documents to Defendant Federal Insurance Company, attached as Exhibit "3"); (Plaintiff's First Set of Interrogatories to Defendant Federal Insurance Company, attached as Exhibit "4").

3.　Pursuant to Fed. R. Civ. P. 33 and 34, the Defendants' answers to interrogatories and responses to GCS's Requests for Production were due on April 20, 2013.

4.　Over two months after service of Plaintiff's requests, Plaintiff GCS has received no responses to its Interrogatories or Requests for Production of Documents. (E-mail correspondence from James Edmonds to Defendants' counsel, May 31 2013, attached as Exhibit "5"); (E-mail correspondence from James Edmonds to Defendants' counsel, June 10, 2013, attached as Exhibit "6"); (E-mail correspondence from Defendants' counsel to James Edmonds, June 10, 2013, attached as Exhibit "7").

5.　Fed. R. Civ. P. 33(b)(2) provides that the "responding party must serve its answers and any objections within 30 days after being served with the interrogatories." It also provides the parties may extend the period by stipulation. *Id.* Rule 34 provides the same time limit for responses to requests for production of documents. *Id.* 34(b)(2)(A). In this case, GCS served Defendants with

discovery requests on March 19, 2013. Defendants' discovery responses, however, have still not been produced.

6.      Because Defendants have not timely responded to GCS's interrogatories, Defendants have waived all objections thereto. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

7.      The rule regarding waiver of objections for failure to timely respond to discovery has also been held applicable to requests for production. *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 496 (D. Kan. 1998) ("Fed.R.Civ.P. 33(b)(4) provides that untimely objections are 'waived unless the party's failure to object is excused by the court for good cause shown.' The same standard applies to requests for production under Fed.R.Civ.P. 34."); *Marx v. Kelly, Hart, & Hallman, P.C.*, 929 F.2d 8, 12-13 (1st Cir. 1991) (upholding district court's order that untimely objections to requests for production, including those of privilege, were waived pursuant to Rule 34); *Krewson v. City of Qunicy*, 120 F.R.D. 6, 7 (D. Mass. 1988) (holding objections to production requests waived).

6.      Federal courts have consistently held objections to discovery were waived if not timely made because "any other result would . . . completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences." *Krewson*, 120 F.R.D. at 7 (citation omitted); *see also In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *Herlihy*, 181 F.R.D. at 497.

7. Therefore, this Court should enter an order requiring Defendants to respond fully to GCS's discovery without objection. *Fretz v. Keltner*, 109 F.R.D. 303, 309 (D. Kan. 1985) (citing other cases with this holding); *see also Tacy v. Trinity Lutheran Manor, Inc.*, 1993 WL 839538, at *1 (D. Kan. 1993)).

**WHEREFORE,** premises considered, Plaintiff GCS respectfully requests this Court enter an order compelling Defendants, Executive and Federal, to respond fully and without objection to the above-referenced and attached discovery requests, and awarding GCS its fees and costs incurred in the preparation of this Motion, and such further relief as the Court deems just and equitable.

Respectfully submitted,

**ATKINSON, HASKINS, NELLIS,
BRITTINGHAM, GLADD & FIASCO**
A PROFESSIONAL CORPORATION


 /s/ James N. Edmonds, OBA #15757
Mark W. Maguire, OBA #13722
1500 ParkCentre
525 South Main
Tulsa, OK 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
***Attorneys for Global Client Solutions, LLC, and Global Holdings, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on 11th day of June, 2013, I electronically transmitted the above and foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

John H. Tucker - jtucker@rhodesokla.com
Colin H. Tucker - chtucker@rhodesokla.com
Kerry R. Lewis - klewis@rhodesokla.com

                                            /s/ James N. Edmonds, OBA #15757