**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

GLOBAL CLIENT SOLUTIONS, L.L.C, et al.,

                       Plaintiffs,

vs.                                   Case No.13-CV-35-GKF-FHM

EXECUTIVE RISK INDEMNITY, INC., et al.,

                       Defendants.

## OPINION AND ORDER

Plaintiff Global Client Solutions, LLC's Motion to Compel Defendants' Responses to Discovery, [Dkt. 49], and Defendants' Opposed Motion for Extension of Time to Serve Discovery Responses, [Dkt. 50], are before the undersigned United States Magistrate Judge for decision.  The motion to compel has been fully briefed, [Dkt. 49, 53, 60].  A response, [Dkt. 52], has been filed to the motion for extension of time, [Dkt. 50], but no reply has been filed and the time has passed for filing a reply.  The motions are therefore at issue.

## Background

Plaintiffs' motion to compel, [Dkt. 49], filed on June 11, 2013, requested an order compelling Defendants Executive Risk Indemnity, Inc. (Executive) and Federal Insurance Company (Federal) to answer interrogatories which were due on April 20, 2013, and to produce documents due the same date.  Plaintiffs argue that, in accordance with Fed. R. Civ. P. 33(b)(4), any objections to the discovery have been waived by the Defendants' failure to make timely responses.

Two days after the motion to compel was filed, Defendants filed their motion seeking additional time, until June 28, 2013, in which to serve interrogatory responses.  [Dkt. 50]. The court has not addressed the motion for additional time, but interrogatory responses were filed within the time requested.  A rolling production of documents has been ongoing. In view of Defendants' interrogatory responses, Plaintiffs have limited the scope of their motion to compel to Interrogatory Nos. 2, 3, 6, 10, 12, 13, and 16 for Federal, and 3, 4, 7, 11, 12, and 16 for Executive.  [Dkt. 60, p. 1].[1]

## Discussion

The Motion for Extension of Time, [Dkt. 50] is DENIED as MOOT.  The requested extended date for providing discovery responses has passed, and written discovery has been provided.  There is, therefore, nothing for the court to do with respect to that motion.

With regard to the untimeliness of the interrogatory answers, the undersigned does not minimize the importance of serving timely responses to discovery.  Nor is the undersigned persuaded that Defendants' obligation to provide timely interrogatory answers is somehow connected to Plaintiffs' failure to raise concerns about Defendants' failure to provide timely answers, as Defendants seem to suggest.  [Dkt. 53, pp. 2-3].  However, the undersigned is reluctant to apply a waiver in this case where there has been no showing that delay caused any harm and where, as here, a rolling production of documents was

---

[1]  Before filing their reply brief, Plaintiffs sought an additional meet and confer with Defendants over the remaining discovery responses in contention.  Defendants' counsel responded that he was "not comfortable" with a meet an confer as a precursor to Plaintiffs' reply brief, although he was willing to confer concerning the discovery.  [Dkt. 60-3, p. 1-2].

In the court's view, since Defendants had not answered *any* interrogatories at the time Plaintiff filed the motion to compel, the proposed meet and confer was entirely appropriate and should have occurred in order to narrow the issues outstanding for the court's resolution.  Further, irrespective of LCvR. 7.2(h) which addresses the scope of reply briefs, substantive discussion of the outstanding discovery requests in Plaintiffs' reply brief was also entirely appropriate since Defendants responses to the interrogatories were not served until after Plaintiff's motion to compel was filed.

2

occurring and there was some agreement between counsel about deadlines.  Therefore, the court has resolved the motion to compel as to each interrogatory on the merits.  In resolving the matter, the court has taken note that Defendants have not responded to the assertions contained in Plaintiffs' reply brief, even though Plaintiffs stated they had no objection to a further response by Defendants to the contents of their reply brief.  [Dkt. 60, p. 3].

## Discussion

### Limits Remaining on Policies
### Interrogatory No 2–Federal; Interrogatory No. 3–Executive

Federal and Executive are required to make a written response providing Plaintiffs with the amounts Defendants contend or believe remain available on the specified policies.

### Communications Upon Which Defendants Will Rely
### Interrogatory Nos. 3 & 16–Federal; Interrogatory Nos. 4 & 16–Executive

Interrogatory No. 3 (Federal) seeks identification of any and all communications with Plaintiffs which are relevant to the claims in this case and Interrogatory No. 4 (Executive) seeks identification of communications with Plaintiffs which support the denial of Plaintiffs' claims for indemnity.  In addition to a general objection of overbreadth and burdensomeness, Defendants stated that they have or will produce the claims files where the information can be found.  The court finds that Defendants' response does not sufficiently answer the interrogatories.  Defendants are required to specifically identify the communications with Plaintiffs that are responsive to this interrogatory.[2]

---

[2] Requests for any and all communications tend to be overbroad.  However, this interrogatory focuses only on communications with Plaintiffs and there has been no attempt by Defendants to demonstrate that the communications are so numerous or so far flung that identification of them is unduly burdensome.

Interrogatory No. 16 for both Federal and Executive requests identification of any and all communications between Defendants and the attorneys of the law firm Greenspoon Marder relied on by Defendants in denying Plaintiffs' claim for indemnification. Defendants stated that they have or will produce the claims files where the information can be found and that Plaintiffs were the recipients or were copied on the communications and already have access to the information. The court finds that Defendants' response does not sufficiently answer the interrogatories. Defendants are required to specifically identify the communications that are responsive to this interrogatory.

### Claims Manuals, Guidelines, and Documents Regarding Claims Handling
### Interrogatory No. 6–Federal; Interrogatory No. 7– Executive

Plaintiffs seek identification of:

> all documents in possession of Defendants pertaining to the manner in which claims, including, but not limited to errors and omissions, director's and officer's liability and miscellaneous professional liability claims, are to be handled, processed and/or investigated.

[Dkt. 60-1, p. 6; 60-2, p. 5]. Defendants object on the basis of overbreadth and burdensomeness and further argue that the information is not calculated to lead to the discovery of admissible evidence. *Id*.

The court finds that information regarding Defendants' claims procedures for the policy types involved in this case is relevant for discovery purposes and that information on this topic must be produced, but that "all documents in Defendants possession" may be overly broad. The parties are directed to meet and confer in good faith with the goal of establishing what responsive information exists and the best way to make that information

4

available to Plaintiffs.  Should the parties be unable to come to an agreement, the matter should be addressed in a narrowly focused motion to compel.

## Identification of Loss Reserves
### Interrogatory No. 10–Federal; Interrogatory No. 11–Executive

These interrogatories seek identification by date and amount all loss reserves established for the underlying lawsuits and specific claim numbers.  [Dkt. 60-1, p. 8; 60-2, p. 7].  Defendants object that loss reserves are confidential and proprietary trade secrets and business decisions that are irrelevant , inadmissible, and the interrogatories are not calculated to lead to the discovery of admissible evidence.  The undersigned is persuaded by the authorities cited by Plaintiffs, *Porter v. Farmers Ins. Co, Inc.,* 2011 WL 1566018 (N.D. Okla.) and *Oneok, Inc. v. Nat'l Union Fire Ins. Co.*, 2007 WL 2891519 (N.D. Okla.), that the information sought is discoverable.  Defendants are required to respond to these interrogatories.

## Identification of Actions Defendants' Contend Constitute
## Plaintiffs' Failure to Cooperate or Breach of Policy Conditions
### Interrogatory No. 12–Federal and Executive

Interrogatory 12 for both Defendants seeks identification of all acts and omissions which Defendants contend constitute a failure to cooperate or a breach of policy conditions by Plaintiffs and identification of witnesses and documentary evidence in support of such contentions.   Defendants assert that the request is overly broad, seeks privileged information, and is information Plaintiff's can obtain from information that has or will be produced from claims files.

Since Plaintiffs have asked Defendants to identify actions taken by Plaintiffs, it is not evident that the information sought would be subject to any privilege.  Defendants are required to respond to these interrogatories.

### Reasons For Federal's Claim Decisions

Interrogatory No. 13 to Federal asks Federal to state all reasons and policy defenses relied upon that support Defendants' decision not to fully honor Plaintiffs' claims for indemnity for certain claim numbers and the underlying lawsuits.  Plaintiffs also state that referring to a reservation of rights letter and the policy provisions quoted therein will not be sufficient.  Defendant objects that the interrogatory is overly broad and unduly burdensome and makes the legal argument that it satisfied its legal and contractual obligations to Plaintiffs.  Defendant also professes to be confused by the statement that a reservation of rights letter will not be a sufficient answer.  [Dkt. 60-1, pp. 10-11].

Federal is required to provide a specific answer to this interrogatory.  To the extent that Federal is confused by what is required, the parties are required to meet and confer in good faith to resolve that confusion.  Should the parties be unable to resolve the issue, the matter should be addressed in a narrowly focused motion to compel.

### Award of Reasonable Costs

Fed. R. Civ. P. 37(a)(5)(A) provides that, after an opportunity to be heard, the court must require the party whose conduct necessitated a motion to compel to pay the moveant's reasonable expenses in making the motion, including attorney fees if the motion is granted or if discovery is provided after the motion was filed.  Payment must not be ordered if the motion was filed before attempting to obtain the information without court

action, nondisclosure or objections were substantially justified, or other circumstances make an award of expenses unjust.

The court questions the efforts made to resolve this matter before the motion was filed in light of the parties' apparent agreement to extend deadlines and the rolling production of documents.  On the other hand, Defendants' responses to the interrogatories addressed herein were not particularly helpful.  Further, the refusal to meet and confer before Plaintiffs filed their reply and the failure to attempt any response to the matters raised in the reply brief are troubling indications of a failure to cooperate.  Under these circumstances the court will decline to make an award of expenses.

## CONCLUSION

Plaintiff Global Client Solutions, LLC's Motion to Compel Defendants' Responses to Discovery, [Dkt. 49], is GRANTED as provided herein.  All responses are due on or before September 3rd, 2013.

Defendants' Opposed Motion for Extension of Time to Serve Discovery Responses, [Dkt. 50], is DENIED as MOOT.  The parties will bear their own expenses related to these motions.

SO ORDERED this 19th day of August, 2013.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

7